## WRIGHT *a.* HOLBROOK.

*New York Superior Court ; General Term, October,* 1864.

CONSTRUCTION OF STATUTE.—EVIDENCE.

A note given in payment for land, with an agreement that on default of payment of the note the land may be sold, is not a mortgage within the meaning of 1 Rev. Stat., 749, § 4, and in an action against executors upon such a note, evidence of such agreement, in defence, should be excluded.

This was an appeal from a judgment entered upon a verdict rendered under the direction of the court.    The action was brought upon a note made by the defendants' testator for

$8,000. The answer set up that the note was given in payment for lands in Massachusetts, which the plaintiff had contracted to sell to the deceased; and that by the contract of sale the plaintiff might, on three months' default in payment of the note, sell the land at public auction, and apply the proceeds to the payment of the note; and claimed, that no cause of action arose against the defendants as executors, until the plaintiff had exhausted his remedy against the land.

On the trial, the plaintiff gave the note in evidence, with proof of the amount due upon it, and rested; the defendants then offered proof of the agreement set out in their answer, to which the plaintiff objected. The objection was sustained, and the defendants excepted. The court thereupon directed a verdict for the plaintiff for the full amount of their claim. Judgment was entered in accordance with such verdict, and the defendants appealed.

*Alexander W. Bradford,* for the appellants.—I. By the terms of the agreement, the equitable title to the land therein mentioned was vested in the purchaser Holbrook, subject to be defeated only in case of non-payment of the note, and the exercise by the plaintiff of the power of sale contained in the agreement. The nominal title was in the plaintiff, but the real interest and ownership were in the purchaser. (2 *Rev. Stat.,* marg., 111, § 66; Thompson *a.* Gould, 20 *Pickering,* 134; Seton *a.* Slade, 7 *Ves.,* 264–284; *Story Eq. Jur.,* §§ 738, 790.)

II. The effect of the whole agreement, taking the note as part thereof, was to vest in the plaintiff an equitable mortgage upon the lands, which could be foreclosed only by decree in equity, or by an execution of the power of sale contained in the agreement. The rights of the parties and their remedies were precisely the same as if the plaintiff had in fact conveyed to the purchaser and taken back a bond and mortgage for the consideration. (*Story Eq. Jur.,* 440 § 1217,; 4 *Kent. Com.,* Lec. 58, 3 ed., 151, 144, and cases cited.) The case is to be treated, then, as an action against executors on a bond secured by mortgage. (Neate *a.* Duke of Marlborough, 3 *Mylne & Craig,* 407–415; *Bac. Abr., Heir & Ancestor,* II. 1; 2 *Tidd's Pr.,* 9 ed., 936–938.)

III. By the laws of this State, whenever any real estate, subject to a mortgage by any ancestor or testator, shall descend to an heir, or pass to a devisee, such heir or devisee shall satisfy and discharge such mortgage out of his own property, without resorting to the executor or administrator of the ancestor or testator, unless there be an express direction in the will of such testator that such mortgage be otherwise paid. (1 *Rev. Stat.*, *marg.*, 749, § 4.) The effect of this provision is to throw the payment of the mortgage in the first instance on the land as the primary fund or security, so that the holder of the mortgage must exhaust his remedy upon the land before resorting to the personal estate.

*F. N. Bangs*, for the respondent.—I. There being an express provision of the Revised Statutes (2 *Rev. Stat.*, 88, § 32) which would prevent the issue of an execution in this cause, without leave of the surrogate, no question as to the fund out of which the judgment shall be paid can arise here.

II. The section in question was intended to introduce a rule in the marshaling of assets in the proper forum, but not as a bar to an action at law. It does not, by its terms, purport to affect the rights of creditors, but only to readjust equities as between heir and administrator. Johnson a. Corbett (11 *Paige*, 265) was originally a proceeding in the surrogate's court, involving the marshaling of assets.

III. Although the Code has given admissibility to equitable defences in what were formerly actions at law, yet the answer does not set up an equitable defence. At most, it only asserts, by way of bar to an action on a promissory note, that a state of facts may exist which requires the testator's assets so to be marshalled as to exonerate his personal estate, in whole or in part, from the payment of this demand.

IV. The section is inapplicable. 1. The case is not within the terms of the section. There is no "mortgage given" by the ancestor. There was a power to sell, expressly reserved by the vendor, but that is no more than impliedly existed in Johnson a. Corbett. (Lamport a. Beeman, 34 *Barb.*, 239.) 2. The section relied upon is not a rule for the executor in the distribution of the personalty, but is a rule governing the tenure of real estate.

Wright *a.* Holbrook.

V. Notwithstanding the section relied upon by the defendants, the personal estate of the testator is the primary fund for the payment of the note, even in the surrogate's court, either at common law or under our statute. (Livingston *a.* Newkirk, 3 *Johns. Ch.*, 312 ; Champion *a.* Brown, 6 *Ib.*, 398 ; Johnson *a.* Corbett, 11 *Paige*, 265.)

VI. Before the time of the Revised Statutes, there were two cases in which the rule prevailed that the personal estate must exonerate the realty from an obligation of the ancestor. The first was where the ancestor had borrowed money on mortgage. (5 *Edmonds' R. S.*, 338, note ; Duke of Cumberland *a.* Codrington, 3 *Johns. Ch.*, 229.) The second case in which the rule prevailed, was where the ancestor had contracted to buy real estate, and had died before the contract was consummated by a conveyance. The section in question was intended only to reverse the rule in its application to the former case. (*Revisers' note.*)

By the Court—GARVIN, J.—The plaintiffs, in their complaint, demand judgment against the defendants as the legal representatives of Davis B. Holbrook, deceased, upon a promissory note for the sum of 8,000 dollars, with interest at the rate of six per cent., alleging the note to be due and unpaid ; and that the defendants have in their respective hands, or under their control, moneys and property of the estate of the deceased more than sufficient to pay the amount of said note and interest and aver demand of payment.

The defendants admit, in their answer, the allegations of the complaint, except that relative to the sufficiency of assets ; and further allege, by way of defence—

1st. That the note was given for the price of certain lands in the State of Massachusetts.

2d. That by a certain agreement for sale of said lands, the plaintiff has a right to sell said lands at public auction three months after said note should fall due, and apply the proceeds of such sale towards the payment of said note. And the defendants claim that no cause of action exists against them as such executors until the plaintiff's remedy is exhausted against the said lands, and the said lands shall have been sold under the provisions of the said agreement, and the proceeds applied

upon the note. That certain stock mentioned in the agreement was taken and held by the plaintiff as collateral to said note, and the plaintiff should account for the proceeds thereof, and deduct the same from the amount of said note. Upon the trial of this action the plaintiff made his case by putting in evidence the note, with a computation of interest, and rested his cause.

The defendants' counsel. offered in evidence the agreement and other matters set up in the answer, to which the plaintiff objected, which objection the court sustained. The plaintiff had a verdict under the direction of the court for the sum of $10,322.63, to which decision and direction the defendants duly excepted. Judgment was entered upon the verdict, with costs.

It is insisted, and this is the only point of importance in the case, that the plaintiff is bound to sell the land and apply the proceeds of the sale towards the payment of the note, before .he can maintain an action upon it against the defendants. If this position can be maintained, the plaintiff cannot recover, it being conceded that no such sale and application has been made. We are referred to 1 Rev. Stat., 749, § 4, as upholding this position, and conclusively barring the plaintiffs' right of recovery. This statute provides that whenever any real estate subject to a mortgage given by any ancestor or testator descend to an heir or pass to a devisee, such heir or devisee shall satisfy and discharge said mortgage out of his own property—thus changing the common-law rule only as to a mortgage; but it does not refer to any other charge, incumbrance, or lien upon the land, legal or equitable. Even if this contract is to be regarded in the light of a lien upon the land, which could be enforced in equity, it does not bring this case within the statute. (Lamport *a*. Beeman, 34 *Barb.*, 239.)

This statute does not in terms confine the mortgagor, for a recovery of his debt, to his remedy upon the mortgaged premises in the first instance; it only fixes the liability to pay the incumbrance, upon the heir or devisee, out of his own property, without resorting to the executor or administrator of his ancestor. It does not bar an action upon the bond until the mortgage has been foreclosed. As between the heir or devisee and the executor or administrator, the former must satisfy and dis-

*p*

charge the mortgage out of his own property, unless there be an express direction in the will that it be otherwise paid. There is nothing in the statute to prevent the mortgage creditor from proceeding by action upon his bond, or foreclosing his mortgage, as he shall see fit. It is sufficient to say that this is not the case of a mortgage, and the statute does not bar a recovery upon the note in question.

If I am correct, the evidence offered by the defendant was properly excluded, and the judgment should be affirmed, with costs.

---

## SCUDDER *a.* GORI.

*New York Superior Court; General Term, October,* 1864.

### Costs.

Costs must be adjusted, according to the statute as it existed at the time when the verdict was given (and the dismissal of the complaint is in this respect the same as a verdict), as respects all items prior thereto.

The same costs are given by section 307 of the Code of Procedure, upon an application at special term for a judgment upon a special verdict, or for a new trial upon a case, as upon an appeal from a judgment.*

This was an appeal from an order made at special term, directing the costs to be readjusted in conformity with the Code as it stood in May, 1862 (the time when the complaint was dismissed), and deciding that the application for a new trial was a motion, for which only motion-costs should be given. The complaint was dismissed in May, 1862, but the motion for a new trial was not made until May, 1864, and the costs were taxed under the law of 1864.

From the order at special term the defendant appealed.

*S. W. & R. B. Roosevelt,* for the appellant.—I. Costs are to be taxed according to the law in existence when the parties

---

* Compare Lawrence *a.* Smith, *Ante,* 197.